UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUHAN LIU,

        Plaintiff,                          Case No. 2:25-cv-11455

v.                                          Hon. Brandy R. McMillion

K ALTMAN LAW, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL
## FOR FAILURE TO PROSECUTE

The instant case stems from an agreement for legal representation between Plaintiff Yuhan Liu ("Plaintiff") and Defendants Law Office of Keith Altman ("K Altman Law") and Amelia LaFont ("La Font") (collectively "Defendants"). *See generally* ECF No. 1. On May 15, 2025, Plaintiff filed this civil action in federal court against Defendants for breach of contract, breach of fiduciary duty, legal malpractice, fraudulent misrepresentation, and negligent misrepresentation. *See id*. Defendants subsequently filed their Amended Motion to Dismiss with the Court on July 21, 2025. *See* ECF No. 12. The Court entered an Order Requiring Response to Defendant's motion on July 22, calling for Plaintiff's response on or before August 12, 2025. *See* ECF No. 15; E.D. Mich. LR 7.1(e)(2). As of September 4, 2025, Plaintiff had filed no response, prompting the Court to issue its Order to Show Cause Why this Case Should Not be Dismissed for Failure to Prosecute. ECF No. 19. In

its order, the Court "acknowledge[d] that previous orders and correspondence sent to Plaintiff by the Court were returned as undeliverable, including the Court's issuance of a Notice Regarding Parties' Responsibility to Notify Court of Address Changes." *See generally* ECF Nos. 3, 9, 17, 18, 19.  The order further warned Plaintiff that failure to litigate her claim could result in dismissal of the case pursuant to Local Rule 41.2.  ECF No. 19.  Liu again failed to respond to the show cause order.

Consequently, for the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

## I.

Under Federal Rule of Civil Procedure 41(b), federal courts may *sua sponte* dismiss a claim for failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion."  *Link*, 370 U.S. at 629.  Further, the Local Rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time."  E.D. Mich. LR 41.2.

When contemplating Rule 41(b) dismissal of an action, the Court considers four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the

>  dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

See *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

## II.

Here, the factors collectively weigh in favor of dismissal. Starting with the first factor, courts will find that a plaintiff was motivated by willfulness, bad faith, or fault, if the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). In failing to comply with the Court's order to show cause (ECF No. 19), Liu has neglected to pursue her case or provide the Court with a valid address to which it can send case-related correspondence. Her conduct shows "willfulness and fault in that [she] was at best extremely dilatory in not pursuing [her] claim, which indicates an intention to let [her] case lapse." *Schafer*, 529 F.3d at 739 (citations and internal quotations omitted).

As to the second factor, there is reason to believe that Liu's conduct prejudiced the defendants. To find prejudice, courts examine whether the defendants "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir.

1997).  Defendants, who are lawyers themselves, took time away from other client matters to address the Plaintiff's claims.  Because the Defendants have not only entered an appearance but also drafted a motion in response to Plaintiff's Complaint, they have expended, at least, a moderate amount of resources to aid their defense.  This factor, therefore, also weighs in favor of dismissal.

The third factor weighs heavily in favor of dismissal because of the Court's previous entries instructing the Plaintiff on her responsibility to pursue her claim.  After Liu filed her Complaint, the Court issued its standard Notice Regarding Parties' Responsibility to Notify Court of Address Changes.  ECF No. 3.  Following the Defendant's Motion to Dismiss, the Court entered an Order Requiring Response to Defendant's motion on July 22, 2025, then, an Order to Show Cause on September 4, 2025, which ordered Liu to notify the Court as to why it should not dismiss the case under its inherent authority on or before October 6, 2025.  ECF Nos. 15, 19.  In that order, the Court warned Liu that failure to respond would result in dismissal under Local Rule 41.2.  ECF No. 19.  Liu did not respond to this warning.

The fourth factor also clearly weighs in favor of dismissal.  In issuing the previous order to show cause, the Court granted Liu more time to respond to Defendant's motion, thereby attempting less drastic measures.  ECF No. 19.  The Court has considered all options and believes dismissal is the only "appropriate remedy available," under these circumstances.  *Morley v. Comm'r of Soc. Sec.*, No.

12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (finding that a plaintiff effectively abandoned their case after failing to respond to an order to show cause). Because of Liu's failure to respond to the order to show cause or provide any alternate email or residential addresses to effectuate continued litigation, the Court finds there is no utility in imposing or considering lesser sanctions.

## III.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute her case pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Dismiss (ECF No. 12) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: October 7, 2025  
    Detroit, Michigan

s/Brandy R. McMillion  
Hon. Brandy R. McMillion  
United States District Judge